1
2
3
4
5

**HORTON OBERRECHT & KIRKPATRICK**
Cheryl A. Kirkpatrick, Esq. (SBN 149906)
Ckirkpatrick@hortonfirm.com
Peter C.L. Chen, Esq. (SBN 246720)
pchen@hortonfirm.com
3 Park Plaza, Suite 350
Irvine, CA 92614
PH:  (949) 251-5100
FX:  (949) 251-5104

6
7

Attorneys for Defendant Target Corporation,
A Minnesota Corporation, *erroneously sued and served as* Target Stores, Inc.

8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION**

11
12
13
14
15
16
17
18
19
20
21

| | |
|---|---|
| BRITTNEY LINARES, <br><br> Plaintiff, <br><br> v. <br><br> TARGET STORES, INC.; and DOES 1 to 25, <br><br> Defendants. | **Case No. 8:21-cv-00651-CJC-KES** <br><br> **Assigned to Hon. James V. Selna,** <br><br><br> **NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO PRECLUDE PLAINTIFF BRITTNEY LINARES FROM CALLING ANY EXPERT WITNESSES BY REASON OF FAILURE TO DISCLOSE ANY SUCH WITNESSES; DECLARATION OF PETER C.L. CHEN** <br><br><br> Complaint Filed:  February 22, 2021 <br> Trial Date:        August 23, 2022 |

22
23

**TO THE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:**

24
25
26
27
28

PLEASE TAKE NOTICE that defendant TARGET CORPORATION ERRONEOUSLY SUED AS TARGET STORES, INC. ("Defendant") will move this Court *in limine* pursuant to Federal Rules of Evidence ("FRCP") Rule 26(a)(2) before the Honorable James V. Selna, United States District Court for the Central District of California, Southern Division, at the United States District Courthouse located at 411

West 4th Street, Room 1053, Santa Ana, CA 92701 on July 25, 2022 at 11:00 a.m., or as soon thereafter as the matter may be heard, for an Order precluding plaintiff Brittney Linares ("Plaintiff") from calling on any experts witnesses because Plaintiff failed to disclose such expert witnesses pursuant to FRCP Rules 26(a)(2) and 37(c), and further relief as the Court deems just and proper.  In support, Defendant submits its Memorandum of Points & Authorities which is incorporated below.


DATED:  June 27, 2022                 HORTON, OBERRECHT & KIRKPATRICK


                                      By: _____
                                          Cheryl A. Kirkpatrick
                                          Peter C.L. Chen
                                          Attorneys for Target Corporation

**TARGET CORPORATION'S MOTION IN LIMINE NO. 1**

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

This case involves an incident on July 18, 2019 wherein Plaintiff Brittney Linares ("Linares"), a former Target employee who was terminated, claims she slipped on a shampoo-like substance on the floor of an aisle at a Target store in Santa Ana, California. Plaintiff seeks damages in connection with injuries purportedly suffered as a result of the incident.

As part of this litigation, this Court issued a scheduling order.  The scheduling order identified several deadlines, including a deadline of **May 23, 2022** for all parties to identify and disclose any expert witnesses they intend to call at trial.  While Defendant disclosed its expert witness, Plaintiff failed to do so.  Pursuant to FRCP Rules 26(a)(2) and 37(c), the Court should preclude Plaintiff from calling any expert witnesses at the time of trial.

### 2. THE COURT MAY GRANT THE RELIEF SOUGHT BY WAY OF A MOTION IN LIMINE

This Court has inherent authority to grant a motion in limine, in advance of trial, which limits the scope of evidence and testimony to be introduced during trial.  *Luce v. United States* (1984) 469 U.S. 38, 41; *United States v. Komisaruk* (9th Cir. 2004) 885 F.2d 490, 492, 495.

### 3. THE COURT MAY PRECLUDE PLAINTIFF FROM CALLING EXPERTS

FRCP Rule 26 provides that "[i]n addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." FRCP 26(a)(2).

FRCP Rule 37(c) sets forth the consequences for failing to "provide information or identify a witness as required…"  Per Rule 37(c)(1), the non-disclosing party "is not allowed to use that information or witness to supply evidence on a motion, at a hearing,

**TARGET CORPORATION'S MOTION IN LIMINE NO. 1**

or at a trial, unless the failure was substantially justified or is harmless." Importantly, the exclusion sanction is "self-executing" and "automatic." *Yeti by Molly, Ltd. V. Deckers Outdoor Group* (9th Cir. 2001) 259 F.3d 1101, 1106 (stating that this Rule gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.").

When a party fails to disclose experts or any other witnesses in accordance with Rule 26, it is well-established that the court has the inherent authority to exclude the testimony of such witnesses. *See Hancock v. Hobbs* (11th Cir. 1992) 967 F.2d  462 (disclosing testimony of expert as sanction for failing to disclose expert's identity); *also Nehara v.* California, 2013 WL 1281618 at 7 (E.D. Cal 2013) (granting motion in limine to exclude untimely designated expert due to failure to timely disclose such witness); *also Tamburri v. SunTrust Mortg., Inc.*, 2013 WL 3152921 at 3 (excluding untimely expert witness disclosure via Rule 37(c)(1)'s self-executing sanction even though such disclosure may exclude relevant evidence or even prejudice plaintiff's case).

Here, Plaintiff has not designated or otherwise disclosed any expert witnesses she intends to call at trial.  Plaintiff has provided no legitimate basis for her failure to comply with this Court's scheduling order or Rule 26. Importantly, it is Plaintiff's burden to demonstrate that her failure is "harmless" or "substantially justified." As (34) thirty-four days have passed since the disclosure deadline, it is difficult to understand how any such failure could be considered substantially justified.  In addition, permitting Plaintiff to call expert witnesses would result in a wind fall and will also severely prejudice Defendant.

## 4.  DEFENDANT WILL SUFFER PREJUDICE IF PLAINTIFF IS PERMITTED TO CALL AN EXPERT AT TRIAL

Because Plaintiff has not disclosed any expert witnesses, the only potential such witness Plaintiff may theoretically call as a witness would be Defendant's expert.  Any attempt to do so, however, should be rejected by this Court. "[O]ne should not rely as a general and well-established rule that a party can call an opposing party's expert." *In re*

*Taco Bell Wage & Hour Actions,* 2016 WL 815634, 3 (fn. 3) (E.D. Cal. 2016). Allowing Plaintiff to call Defendant's expert witness would result in a windfall because it necessarily permits Plaintiff to piggyback on Defendant's trial preparation. *See Ferguon v. Michael Foods, Inc.* (D. Minn 1999) 189 F.R.D. 408, 409. Moreover, it would confuse the jury if Plaintiff were allowed to call Defendant's expert as part of Plaintiff's case-in-chief.  *See Rubel v. Eli Lilly & Co.* (S.D. N.Y. 1995) 160 FRD 458, 460 (stating that permitting one party to call an expert previously retained or consulted by the other side entails a risk of very substantial prejudice stemming from the fact of the prior retention, quite apart from the substance of the testimony."

## 5. **CONCLUSION**

Based on the foregoing, Defendant respectfully requests that the Court grant this motion *in limine* for an Order precluding Plaintiff from calling on any experts witnesses because she failed to disclose such expert witnesses.


DATED:  June 27, 2022                    HORTON, OBERRECHT & KIRKPATRICK


                                         By: _____
                                              Cheryl A. Kirkpatrick
                                              Peter C.L. Chen
                                              Attorneys for Target Corporation

## DECLARATION OF PETER C.L. CHEN

I, PETER C.L. CHEN, declare as follows:

1. I am an attorney at law duly licensed to practice in the courts of the State of California and the Central District of California, and am a partner in the firm of Horton Oberrecht & Kirkpatrick, attorneys of record for Defendant Target Corporation ("Target"), *erroneously sued and served as* Target Stores, Inc., herein. I have personal knowledge of the matters stated herein and, if called upon to testify as a witness, I could and would competently so testify.

2. On February 22, 2021, an action was commenced in the Superior Court of the State of California in and for the County of Orange, entitled BRITTNEY LINARES, Plaintiff vs. TARGET STORES, INC.; and Does 1-25, Defendants, as Case Number 30-2021-01185373-CU-PO-CJC. Target subsequently removed the lawsuit to Federal court, where it is currently situated (the "Action").

3. This Court issued a Scheduling Order in this Action. Per the Order, all parties were to disclose any and all expert witnesses on or before May 23, 2022. Target timely disclosed its expert on such date. Plaintiff, however, has not disclosed any experts to date.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this Declaration was executed on this 27th day of June, 2022, in Irvine California.

_____

PETER C.L. CHEN

**TARGET CORPORATION'S MOTION IN LIMINE NO. 1**

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is:  HORTON, OBERRECHT & KIRKPATRICK, 3 Park Plaza, Suite 350, Irvine, California 92614.

On June 27, 2022, I served the foregoing document described as:  **Notice of Motion and Motion in Limine No. 1 to Preclude Plaintiff Brittney Linares from Calling any Expert Witnesses due to Failure to Disclose; Declaration of Peter C.L. Chen,** on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as stated on the attached service list:

[  ]    **BY MAIL** – I deposited such envelope in the mail at Irvine, California.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than (1) day after the date of deposit for mailing in affidavit.

[  ]    **BY PERSONAL SERVICE** – I caused such envelope to be delivered by a process server employed by [name of process server].

[ X ]   **BY ELECTRONIC TRANSMISSION** – I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

[ X ]   (Federal)     I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 27, 2022, at Irvine, California.

_____

Crystal Thompson

**TARGET CORPORATION'S MOTION IN LIMINE NO. 1**

## <u>SERVICE LIST</u>

Linares v. Target Stores, Inc.
United States District Court Central District of California:

| Joseph Nazarian<br>ACCIDENT LAWYERS FIRM<br>4000 MacArthur Blvd., Ste. 600<br>Newport Beach, CA, 92660<br>Telephone: (949) 764-3402<br>joe@accidentlawyersfirm.com | Attorneys for Plaintiff Brittney Linares |
|---|---|

**TARGET CORPORATION'S MOTION IN LIMINE NO. 1**